13-4459-cv
BPP Illinois, LLC et al. v. The Royal Bank of Scotland Group PLC et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of May, two thousand fifteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                        *Circuit Judges*.

_____

BPP ILLINOIS, LLC, BPP IOWA, LLC, BPP MICHIGAN, LLC,
BPP MINNESOTA, LLC, BPP TEXAS, LLC, FFC PARTNERSHIP, L.P.,
FINE CAPITAL ASSOCIATES, L.P., BPP WISCONSIN, LLC,
BUDGET PORTFOLIO PROPERTIES, LLC,

                        *Plaintiffs-Appellants*,


             v.                                              13-4459-cv

THE ROYAL BANK OF SCOTLAND GROUP PLC, RBS
CITIZENS, N.A., CITIZENS BANK OF PENNSYLVANIA,

                        *Defendants-Appellees*.


_____

Appearing for Appellants:          John Siegal (Thomas D. Warren, Loura L. Alaverdi,
                                   Dominic A. Gentile, *on the brief*), Baker Hostetler LLP,
                                   New York, N.Y.

Appearing for Appellees:           Seth P. Waxman (David Sapir Lesser, Jamie S. Dycus,
                                    Alan E. Schoenfeld, Ari J. Savitzky, New York, N.Y., *on
                                    the brief*), Wilmer Cutler Pickering Hale and Dorr LLP,
                                    Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.

Plaintiffs-appellants BPP Illinois, LLC, BPP Iowa, LLC, BPP Michigan, LLC, BPP Minnesota, LLC, BPP Texas, LLC, BPP Wisconsin, LLC (collectively, the "BPP Plaintiffs"), FFC Partnership, L.P., Fine Capital Associates, L.P. (collectively, the "FFC Plaintiffs"), and Budget Portfolio Properties, LLC (the "Equity Plaintiff"), appeal from the November 13, 2013 opinion and order of the United States District Court for the Southern District of New York (Furman, *J.*) granting defendants-appellees The Royal Bank of Scotland Group PLC, RBS Citizens, N.A., and Citizens Bank of Pennsylvania's motion to dismiss pursuant to Rule 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the district court's dismissal of the FFC Plaintiffs' and the Equity Plaintiff's claims under Federal Rule of Civil Procedure 9(b). We agree that the Amended Complaint does not specifically identify any allegedly fraudulent statements made to the FFC Plaintiffs or the Equity Plaintiff. *See Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013). The generalized allegations regarding these plaintiffs' presence at "all discussions and negotiations" concerning the swap and the guaranty, respectively, are insufficient to show that the FFC Plaintiffs and the Equity Plaintiff were present at the January 28, 2008 presentation where defendants allegedly made the relevant misrepresentations to the BPP Plaintiffs. While plaintiffs' counsel has stated that such vagueness regarding the presence of the FFC Plaintiffs and the Equity Plaintiff at the January 28, 2008 presentation could be clarified, plaintiffs have never actually sought leave to replead to correct this ambiguity. "The district court surely did not abuse its discretion in not *sua sponte* granting leave to replead." *In re Am. Express Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994). Accordingly, we affirm the district court's dismissal of the FFC Plaintiffs' and the Equity Plaintiff's claims.

We vacate the district court's dismissal of the BPP Plaintiffs' claims as barred by Pennsylvania's two-year statute of limitations. Pennsylvania's "discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Crouse v. Cyclops Indus.*, 560 Pa. 394, 404 (2000). "In order to determine when the statute should begin to run, the finder of fact focuses on whether plaintiff was reasonably diligent in discovering his injury." *Id.* "Pursuant to application of the discovery rule, the point at which the complaining party should reasonably be

aware that he has suffered an injury is a factual issue best determined by the collective judgment, wisdom, and experience of jurors." *Id.* (internal quotation marks omitted). "Only where the facts are so clear that reasonable minds could not differ may a court determine as a matter of law *at the summary judgment stage*, the point at which a party should have been reasonably aware of his or her injury and its cause and thereby fix the commencement date of the limitations period." *Gleason v. Borough of Moosic*, 609 Pa. 353, 363 (2011) (emphasis added).

Here, in concluding at the Rule 12(b)(6) stage that the BPP Plaintiffs failed to exhibit reasonable diligence in not discovering their injury by May 29, 2008, the district court acted too hastily. Although a "plaintiff bears the burden of showing that the discovery rule tolls the statute of limitations," the statute of limitations is an affirmative defense, and "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014). Thus, requiring the BPP Plaintiffs, at the motion to dismiss stage, "to make a showing of reasonable diligence was premature." *Id.* at 252. Because "it is not evident on the face of the complaint and documents properly considered at the motion to dismiss stage," *id.*, whether the BPP Plaintiffs exercised reasonable diligence in investigating their present claims, we vacate the dismissal of these plaintiffs' claims on statute of limitations grounds. While further proceedings might show that the BPP Plaintiffs' claims are in fact untimely under the discovery rule, the present record is insufficient to decide this question as a matter of law.

Defendants have asserted numerous alternative bases for dismissal of the BPP Plaintiffs' claims. Because these issues were never ruled on below, we decline to decide them for the first time on appeal. *See Dardana Ltd. v. Yuganskneftegaz*, 317 F.3d 202, 208 (2d Cir. 2003). However, before conducting further proceedings in this case, the district court should consider these other arguments for dismissal.

Accordingly, the judgment of the district court hereby is AFFIRMED IN PART and VACATED IN PART, and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3